UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALCY JOSEPH, JR. | CIVIL ACTION |
| VERSUS | NO. 09-7562 |
| NELSON COLEMAN CORRECTIONAL CENTER ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER AND REASONS

Plaintiff, Alcy Joseph, Jr., has submitted an application to proceed in forma pauperis on appeal. A plaintiff may proceed as a pauper on appeal, unless the district court certifies that the appeal is not taken in good faith, 28 U.S.C. § 1915 (a)(3); Fed. R. App. P. 24(a), or finds that the party is not otherwise entitled to proceed as a pauper. 28 U.S.C. § 1915(g). This matter has proceeded through motion for summary judgment and entry of judgment upon the written consent of all parties pursuant to 28 U.S.C. § 636(c). Record Doc. No. 26. Accordingly, I will address the instant application. For the following reasons, the application to proceed in forma pauperis on appeal in this case must be DENIED.

Plaintiff is a prisoner currently incarcerated in the Jackson Parish Correctional Center in Jonesboro, Louisiana. He is a frequent filer of frivolous lawsuits in the federal courts. The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321,

now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to appeal a judgment in a civil action in forma pauperis if he has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

This court's records establish that plaintiff has filed more than two dozen lawsuits in this court since 1990. At least six (6) of his prior civil complaints, filed while plaintiff was incarcerated, were dismissed as frivolous, malicious and/or for failure to state a claim. These include, but are not limited to, the following: <u>Alcy Joseph, Jr. v. 29th Judicial Court, et al.</u>, Civil Action No. 95-3505 "F"(5); <u>Alcy Joseph, Jr. v. 29th Judicial Court, et al.</u>, Civil Action No. 95-2232 "F"(2); <u>Alcy Joseph, Jr. v. Troy Self, et al.</u>, Civil Action No. 95-2152 "G"(1); <u>Alcy Joseph, Jr. v. Raquel Lewis, et al.</u>, Civil Action No. 95-1874 "E"(1); <u>Alcy Joseph, Jr. v. Joel Chaisson, et al.</u>, Civil Action No. 95-1790 "G"(1); <u>Alcy Joseph, Jr. v. St. Charles Parish Council, et al.</u>, Civil Action No. 95-1540 "N"(5).

Imminent danger of serious physical injury is not implicated by these claims. Consequently, just as his original application to file the instant lawsuit in this court was denied, Record Doc. No. 2, and Joseph was required to pay this court's filing fee in order

to file his complaint, Joseph is <u>not</u> entitled to appeal in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act.

Thus, while I cannot conclude that the appeal is not taken in good faith, particularly as to the retaliation claim against Dale, <u>see</u> Record Doc. No. 46 at pp. 27-32, which I specifically incorporate herein by reference, <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997), I must conclude that Joseph is prohibited from proceeding as a pauper on appeal pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this ___22nd___ day of March, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE